## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**EBONIE ELSEY**
**On Behalf of Herself and All**
**Others Similarly Situated,**

> **Plaintiff**

Case No.
Hon.
Magistrate Judge:

v.

**ORLANS ASSOCIATES, P.C.**

> Defendants.

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff EBONIE ELSEY (Hereinafter termed "Plaintiff" or "Elsey"), on behalf of herself and all others similarly situated, and by way of this Class Action Complaint against Defendant ORLANS ASSOCIATES, P.C. ("Orlans" or "Defendant") and state:

### I. PRELIMINARY STATEMENT

1.     Plaintiff, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2.     The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices

Act (RPCA), codified at MCL 445.251 et seq., Such violative collection practices include, *inter alia*, sending consumers computer generated communications that:

    i.   make false, deceptive, and misleading representations that Defendants are allowed and permitted by law to collect a mortgage debt in default; and

    ii.   fail to state the amount of the consumer's debt to be collected by Orlans through the Reinstatement Amount and associated costs, charges, advances, missed payments, late payments etc; and

    iii.   fail to provide the proper amount of the debt under the FDCPA and *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875 (7th Cir.2000). (Exhibit 1); and

    vi.   fail to identify the amount owed by the debtor on the day the Validation and Dispute Notice is sent such that the Defendant has a policy and practice of sending consumers and Plaintiff, computer-generated, mass-produced, letters -- in the form of the Orlans Letter at **Exhibit 1** -- without any meaningful attorney review or involvement prior to the mailing of those letters in violation of 15 U.S.C. §§ 1692e (3).

3.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and

to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

5.      In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-74 (6th Cir. 1999); *See also Kistner*, 518 F.3d 433 (the law firm's owner may also be individually liable).

7.      ORLANS is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts on behalf of mortgage servicers and banks. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453. ORLANS becomes involved with these mortgage debts after they considered delinquent or in default.

8.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false,

deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

9.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f (1).

10.     The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

11.     15 U.S.C. § 1692g provides:

### § 1692g. Validation of debts

(a)   Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

**(1) the amount of the debt**;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

## II. PARTIES

13.    Plaintiff is a natural person.

12.    At all times relevant to this complaint, Plaintiff resided in the City of Detroit, County of Wayne, State of Michigan.

13.    Located in the City of Troy, Oakland County and State of Michigan, Orlans Associates, P.C. ("ORLANS") is a mortgage foreclosure law firm engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts. Mortgage foreclosure is debt collection under the FDCPA See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

14.    Mortgage foreclosure is debt collection under the FDCPA. See *Glazer v. Chase Home Finance, LLC*, 704 F. 3d 453, 456. "In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion

(i.e., forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." See *Glazer at 461*.

### III. JURISDICTION & VENUE

15.   Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

16. ........... Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

17.   Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18.   Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

19.   Sometime prior to June 27, 2016, Plaintiff allegedly incurred a financial obligation on a mortgage that ORLANS is now threatening to foreclose upon.

20.   The mortgage debt arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, or household purposes.

21.   The alleged debt being collected by ORLANS is a "debt" as defined by 15 U.S.C. §1692a (5).

22.   The alleged mortgage debt is a "consumer debt" as defined by the RCPA under MCL 445.251(a).

23.   Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15

U.S.C. § 1692a (3).

24.     Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by the RCPA under MCL 445.251(d).

25.     According to its website, "Orlans Associates specializes in residential mortgage default legal services, legal compliance, foreclosure, eviction, settlement services, bankruptcy, appellate and related real estate matters.an industry leader in servicing high-risk loans."

26.     ORLANS is a law firm staffed with attorneys and non-attorneys who collect, and attempt to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet. See *Glazer v. Chase Home Finance LLC,* 704 F. 3d 453.

27.     ORLANS is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by the RCPA.

28.     ORLANS is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a (6).

29.     The Letter at **Exhibit 1** was sent, or caused to be sent, by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a (6).

30.     The Letter at **Exhibit 1** was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

31.     The Letter at **Exhibit 1** is a "communication" as defined by 15 U.S.C. § 1692a (2).

32.     As Plaintiff understood the Letter at **Exhibit 1**, upon receiving it, as would the least sophisticated consumer, the debt collection process has entered into a phase where ORLANS will begin to use legal procedures established by foreclosure law and known to Orlans' attorneys to collect the mortgage debt.

33.    In the Format of the Letter at **Exhibit 1 on June 27, 2016**, Defendants state in part that:

ORLANS ASSOCIATES, P.C.
P.O. Box 5041
Troy, Michigan 48007
P (248) 502-1400   F (248) 502
www.Orlans.com

## ORLANS

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.   THIS IS AN ATTEMPT TO
COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.

IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED
STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN
BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS
NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE
MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE
CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE
SERVICEMEMBERS CIVIL RELIEF ACT.

June 27, 2016

VIA FIRST CLASS MAIL
Ebonie Elsey
14955 Stansbury Street
Detroit, Michigan 48227

RE: Our File Number: 16-007173
      Property Address: 14955 Stansbury Street, Detroit, MI 48227

Dear Ebonie Elsey:

This law firm has been retained by Seterus, Inc. regarding the mortgage which encumbers the above real
property (the "Mortgage").  The Note evidencing the loan in the original principal amount of $84,000.00
and the Mortgage are collectively called the "Mortgage Loan."

According to the records of our client, your Mortgage Loan is in default.  As a result, the Mortgage Loan
has been accelerated and Seterus, Inc. has referred the matter to our office for further action.  Please
see the following page for a statement of the amount owed and important additional information.

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges,
delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.  To request
reinstatement information, contact our Loan Resolution Department at (248) 502-1400.

Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement
outlined above do not alter or amend your validation rights as described on the following page.

Very truly yours,
Orlans Associates, P.C.

34.    Plaintiff understood the Letter upon receiving it, as would the least sophisticated consumer, that it was coming from a law firm as the first sentence stated, "This law firm has been retained by Seterus, Inc. regarding the above real property (the "Mortgage")" and that her property and other financial interests were in some potential jeopardy unless she paid a certain amount of money. **See Exhibit 1**.

35.    Plaintiff understood the Letter upon receiving it, as would the least sophisticated consumer, the Defendants were seeking the total debt not including attorney fees and cost along with a debt amount to reinstate the debt with an amount that was not stated in the collection notice to Plaintiff.

36.    Regarding the amount to Reinstate the Mortgage Loan, the letter stated, "You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure. To request

reinstatement information, contact our Loan Resolution Department at (248) 502-1400." **See Exhibit 1**.

37.   That the letter did not state the amount to reinstate along with the amount of costs, charges and expenses incurred in the foreclosure. **See Exhibit 1**.

38.   A separate notice was attached to **Exhibit 1** titled, "A Notice of Debt Pursuant To 15 SC §1692" and referenced in **Exhibit 1** with a statement in dark lettering, **"Please see the following page for a statement of the amount owed and important additional information."**

39.   That the Attachment at **Exhibit 1** titled "A Notice of Debt Pursuant To 15 SC §1692" stated that

>   1.   The amount of debt as of June 23, 2016 is $80,900.58.
>
>   The letter and notice was at **Exhibit 1** was sent to Plaintiff from Orlans on June 27, 2016.

40.   The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied by listing a phone number. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000).

41.   The ***Miller*** court held that the notice violated Section 1692g(a)(1), which, as noted, requires debt collectors to state "the amount of the debt." The court reasoned that the unpaid principal balance was not the "debt" and that the statute requires that debt collectors state "the total amount due—interest and other charges as well as principal—on the date the [collection notice] was sent." *Id.* at 875-76. *Avila v. RIEXINGER & ASSOCIATES, LLC*, 817 F. 3d 72 - Court of Appeals, 2nd Circuit 2016.

42.     On June 27, 2016, Defendant Orlans is communicating the amount of the debt owed on the Notice of Debt attachment to the letter at **Exhibit 1** as $80,900.58 as of June 23, 2016. This is similar to *Hecht v. Green Tree Servicing, LLC*, No. 12-CV-498, 2013 WL 164514 (D. Conn., Jan. 15, 2013), in which the court there held that a debt collector violated § 1692g by sending a March 22, 2012 letter with the inclusion of the amount of debt as of January 20, 2012.

43.     Similarly as here, the debt collection letter in *Hecht* violated § 1692g because the court concluded that the language in the validation notice "would be unlikely to give a consumer certainty" as to the amount necessary to satisfy her debt. "Because a letter from Green Tree did not accurately identify the amount of debt owed the Court found a violation of § 1692g." *Castro v. Green Tree Servicing LLC*, No. 10-CV-7211, 2013 WL 4105196, at *5 (S.D.N.Y. Aug. 14, 2013).

44.     The Attachment at **Exhibit 1** stated that Plaintiff had to request validation of the debt amount in writing. Plaintiff sent Defendant Orlans a request that they validate the debt and send her the reinstatement and true amount owed. **Please see Exhibit 2**. Defendant Orlans failed to respond.

45.     Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the amount of the debt and the creditor who is pursuing the debtor to allow consumers to respond to the initial communication of a collection agency. The Letter at **Exhibit 1** is crafted to avoid providing the amount of debt owed to the debt collector under the FDCPA and *Miller* to reinstate, does not specify the extra fees and costs the consumer must contact ORLANS about through a phone number and lists the to balance owed should the whole debt be owed after the foreclosure and failed reinstatement in the future. There is no amount to Reinstate.

46.     Plaintiff and class members receiving **Exhibit 1** are left confused and wondering what they owe, how much and to whom. Until the threatened foreclosure occurs or Plaintiff consumer fails to reinstate or make her payments, Plaintiff or any Michigan Consumer receiving this letter do not owe the total principal or balance to Defendants as listed in the letter at **Exhibit 1**.

47.     In violation of the FDCPA, Defendants are failing to state the true amount owed to the debt collectors at ORLANS to reinstate the debt including listing the amount of all list payments, late charges, advances, costs, foreclosure costs and fees. **Exhibit 1**.

48.     In violation of the FDCPA, Defendants are seeking an unspecified amount of "costs and fees incurred in the foreclosure" when the foreclosure has not begun. **Please see Exhibit 1**.

49.     After receiving the ORLANS Letter, the Plaintiffs reasonably inferred – as would a "least sophisticated consumer" – that the bank (in this case Seterus, Inc.) was proceeding aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of their alleged account and charged fees and costs to be paid before a Class Member can reinstate their Mortgage Loan.

50.     The Defendant intended that the Letter imply a heightened severity over dunning letters from the debt collector law firm and that the least sophisticated consumer react with a commensurate level of alarm and concern.

51.     Plaintiffs are informed and believe, and on that basis allege, that the Defendants have a policy and practice of sending consumers, such as Plaintiffs, computer-generated, mass-produced letters – in the form of the Orlans letter at **Exhibit 1** -- without any meaningful attorney review or involvement prior to the mailing of those letters in violation of 15 U.S.C. §§ 1692e (3).

52.     Though the Letter at **Exhibit 1** informs the class member and Plaintiff that Orlans is a law firm retained by the Mortgagee or servicing bank (in this case, Seterus, Inc.), if there was

any meaningful involvement by an attorney, the attachment to **Exhibit 1** that is titled "NOTICE OF DEBT PURSUANT TO 15 SC § 1692g" would have instead been titled properly "**15 USC § 1692g**" without a letter missing and the amount would be the total amount due —interest and other charges as well as principal—on the date the dunning letter was sent (June 27, 2016) and not the unpaid principal balance of $80,900.58 (from June 23, 2016) as any lawyer involvement would have caught and corrected.

53.     Contrary to *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438, 441 (6th Cir) and in violation of 15 U.S.C. §1692e, Defendant is making an inaccurate statement by stating an older and lower total amount Plaintiff would owe on the debt to the debt collector and no amount or figure to reinstate the debt to avoid foreclosure. **Please see Exhibit 1**.

54.     Further, the Defendants' written communications in the form attached as **Exhibit 1** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e (3).

55.     In violation 15 U.S.C. §1692g, the Plaintiff and Michigan consumers receiving this type of letter at **Exhibit 1** are told they owe the full balance on the mortgage $80,900.58 by a collector (ORLANS) that is only collecting the Reinstatement amount such as the insurance, taxes, late payments and costs necessary to reinstate or avoid foreclosure that the Mortgage contract allows.

56.     The Debt Collector (Orlans) is required to state the Reinstatement amounts such as the insurance, taxes, late payments and costs necessary to reinstate or avoid foreclosure. The letter here and all letters of this type going to Michigan consumers contains the unpaid principle

balance in the letter and not the amount required to be in the Notice of Debt attached to **Exhibit 1** and under the FDCPA.

57.     The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010).

## V.  POLICIES AND PRACTICES COMPLAINED OF

58.     It is Defendants' policy and practice to send written and computerized collection communications *en masse*, in the form attached as **Exhibit 1** in connection with the collection of alleged mortgage debts, which fail to state the amount of the consumer's debt under the law and *Miller* and which use the false threat of a meaningful lawyer involvement. Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e (3) and 1692g(a)(1).

59.     It is further Defendants' policy and practice to send written collection communications, in the form attached as **Exhibit 1** in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations regarding the current balance due on an alleged debt, while also failing to provide information on how to obtain the most up-to-date balance due, and which falsely make threats to use an attorney to threaten payment and action on behalf of Michigan Consumers.

60.     On information and belief, the Defendants' written communications, in the computerized form attached as **Exhibit 1** and as alleged in this complaint under the Facts Concerning Plaintiff, number in the thousands.

## VI. CLASS ALLEGATIONS

62.     This action is brought as a class action. Plaintiff brings this action on behalf of herself

and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

63.     Plaintiff seeks to certify two classes as set forth, and defined, *infra*.

64.     With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom ORLANS sent a written communication materially similar to the form attached as **Exhibit 1**; (c) in an attempt to collect a mortgage debt that was incurred for personal, family, or household purposes; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action under the FDCPA.

65.     With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom ORLANS sent a written communication materially similar to the form attached as **Exhibit 1**; (c) in an attempt to collect a mortgage debt that was incurred for personal, family, or household purposes; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning six years prior to the filing of this action and ending 21 days after the filing of this action under the RCPA.

66.     The identities of all class members are readily ascertainable from the business records of ORLANS.

67.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

68.     There are questions of law and fact common to First Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The principal

issues are whether the Defendants' initial written communications, in the form attached as

**Exhibit 1**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e (3), 1692e (10), 1692g(a)(1), 1692f,

and 1692f (1).

69.     There are questions of law and fact common to Second Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The principal

issues are whether the Defendants' initial written communications, in the form attached as

**Exhibit 1**, violate MCLA 445.252(e) MCLA 445.252(f) MCLA 445.252(q) MCLA 445.252(a)

under the RCPA.

70.     The Plaintiff's claims are typical of the class members, as all claims are based upon the

same facts and legal theories.

71.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes

defined in this complaint. Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have

any interests, which might cause them not to vigorously pursue this action.

72.     This action has been brought, and may properly be maintained, as a class action pursuant

to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the

Plaintiff Classes defined above are so numerous that joinder of all members would be

impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all

members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications, in the form attached as **Exhibit 1**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(10), 1692g(a)(1), 1692f, and 1692f(1), as well as MCLA 445.252(e) MCLA 445.252(f) MCLA 445.252(q) MCLA 445.252(a).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

73.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who collect debts throughout the United States of America.

-16-

74.     Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that OCWEN's written communications, in the form attached as **Exhibit 1**, violates Federal and State law as stated above.

75.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

77.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

78.     Defendant violated the FDCPA. Defendant's violation, with respect to its written communications in the computerized format attached as **Exhibit 1** includes, but are not limited to, the following:

a.      Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

b.      Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c.      Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt

-17-

in violation of 15 U.S.C. §1692e(2)(B)

d.      Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

e.      Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

f.      Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692f, and 1692f(1);

g.      Failing to correctly state the amount of the debt owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1); and

h.      Failing show or provide any meaningful involvement in a letter from a law firm as evidenced by the fact that Exhibit 1 would have the right amounts sought in the Notice of Debt and a Reinstatement amount to be collected on the same day the letter is sent in violation of 15 U.S.C. § 1692e (3), 1692e(2)(A), and 1692g(a)(1).

## VIII.  SECOND CAUSE OF ACTION

### Count 2-Regulation of Collection Practices Act

77.      Defendant has violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

   a.   Defendant violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

   b.   Defendant violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

    (ii)     The legal rights of the creditor or debtor using **Exhibit 1** as mentioned above.

    (iii)    That the nonpayment of a debt will result in the sale of the debtor's property.

    c.   Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

    d.   Defendant has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

    a.    Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

    b.    Statutory damages for each member of the RCPA Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), and without regards to each defendant's net worth;

    c.    Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the MOC, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

    d.    Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.    **For the FIRST CAUSE OF ACTION:**

    (i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff

and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined *supra*;

(ii)   An award of the maximum statutory damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   An award of actual damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(1);

(iv)   For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' collection letter, which is attached hereto as **Exhibit 1**, and which is complained of herein, violates the FDCPA;

(v)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)   For such other and further relief as may be just and proper.

B.   **For the SECOND CAUSE OF ACTION:**

(i)   order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and RCPA and appointing Plaintiff and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

(ii)   An award of actual damages for Plaintiff and the Second Plaintiff Class, including all amounts collected with the use of the letter in the State of Michigan pursuant to the RCPA;

(iii)   For injunctive relief for Plaintiff and the Second Plaintiff Class pursuant to the RCPA, including enjoining ORLANS from engaging in further violations of the

RCPA as complained of herein;

(iv)    For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that

ORLANS's collection conduct complained of herein violates the violates the

RCPA;

(v)    Attorney's fees, litigation expenses, and costs pursuant to the RCPA; and

(vi)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 7th Day of August, 2016.

_s/ Brian P. Parker_
Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
2000 Town Center, #1900
Southfield, MI 48075
Telephone: (248) 342-6268
Facsimile: (248) 659-1733
E-Mail: brianparker@collectionstopper.com

_Attorneys for Plaintiff Ebonie as named in the_
_June 27th 2016 Letter at_ **Exhibit 1** _and all_
_others similarly situated_

# EXHIBIT #1

# ORLANS

ORLANS ASSOCIATES, P.C.
P.O. Box 5041
Troy, Michigan 48007
P (248) 502-1400   F (248) 502-1401
www.Orlans.com

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.

June 27, 2016

VIA FIRST CLASS MAIL
Ebonie Elsey
1'

RE: Our File Number: 16-007173
    Property Address: 14955 Stansbury Street, Detroit, MI 48227

Dear Ebonie Elsey:

This law firm has been retained by Seterus, Inc. regarding the mortgage which encumbers the above real property (the "Mortgage"). The Note evidencing the loan in the original principal amount of $' ' and the Mortgage are collectively called the "Mortgage Loan."

According to the records of our client, your Mortgage Loan is in default. As a result, the Mortgage Loan has been accelerated and Seterus, Inc. has referred the matter to our office for further action. Please see the following page for a statement of the amount owed and important additional information.

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure. To request reinstatement information, contact our Loan Resolution Department at (248) 502-1400.

Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement outlined above do not alter or amend your validation rights as described on the following page.

Very truly yours,
Orlans Associates, P.C.

16-007173/-/650/FOP

## NOTICE OF DEBT PURSUANT TO
## 15 SC §1692

1. The amount of debt as of June 23, 2016 is $80,900.58.

2. Because of interest, fees and costs, and other charges that may vary from day to day, the amount you owe at a later date may be greater than the amount stated above. Please contact Seterus, Inc. or Orlans Associates, P.C. at (248) 502-1400 to obtain an updated payoff amount.

3. The name of the creditor to whom the debt is owed is Federal National Mortgage Association.

4. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Orlans Associates, P.C.

5. If you notify Orlans Associates, P.C. in writing within the thirty day period that the debt, or any portion thereof, is disputed, Orlans Associates, P.C. will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to you by Orlans Associates, P.C.; and

6. Upon your written request within the thirty day period, Orlans Associates, P.C. will provide you with the name and address of the original creditor, if different from the current creditor.

16-007173/-/650/FOP

# EXHIBIT #2

July 20, 2016

Orlans Associates, PC
1650 W. Big Beaver
Troy MI 48084

<u>VALIDATION AND CEASE AND DESIST</u>

    *Re:*   *Name:  Ebonie Elsey*

          *Address:*

          *Account Number:  16-007173*

Dear Orlans:

    I am in receipt of your June 27, 2016 letter saying I am in default. Your letter states that as of *June 23, 2016*, I owe $80,900.58.  Your letter says that I have to contact Seterus (No Number Given) or Orlans to see an updated payment amount. You have not provided me with the payment amount on June 27, 2016. You are seeking money from me for a debt amount I dispute. Please cease and desist until you VALIDATE.

    Please also explain your justification for charging me $80,900.58 that you state I owe in the letter I dispute. How much did I owe when you sent this letter and why. Thank you.

    PURSUANT TO THE FDCPA, I WOULD LIKE THE FOLLOWING PROVIDED:
- THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR
- NAME OF CURRENT CREDITOR AND HOW THEY OBTAINED THE DEBT
- VERIFICATION OF THE DEBT and why I owe you $80,900.58

    Do you have the right person? If you pass this on to another debt collector, please notify them that I dispute the debt. This is required under Michigan law.

Thank you for your immediate cooperation.

Ebonie Elsey



**UNITED STATES**
**POSTAL SERVICE.**

Date: July 28, 2016

ebonie elsey:

The following is in response to your July 28, 2016 request for delivery information on your Certified Mail™ item number 70160910000132637110.  The delivery record shows that this item was delivered on July 27, 2016 at 9:41 am in TROY, MI  48099. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service